**Corbitt PITTMAN and Lettie Pittman, Plaintiffs,**

v.

**REPUBLIC FRANKLIN INSURANCE COMPANY, Defendant.**

**No. IP89–922C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 27, 1992.

Richard F. Hahn, Kevin P. Farrell, Yosha Cline Farrell & Ladendorf, Indianapolis, Ind., for plaintiffs.

Michael E. Brown, Kightlinger & Gray, Indianapolis, Ind., for defendant.

## ENTRY

BARKER, District Judge.

On August 26, 1988, plaintiffs Corbitt and Lettie Pittman's residence and its contents were severely damaged by fire. The plaintiffs carried a homeowner's insurance policy with defendant Republic Franklin Insurance Company ("Republic"). The plaintiffs submitted their proofs of loss to Republic in December, 1988. Republic subsequently honored Lettie Pittman's claim, and this court entered judgment in favor of Republic with respect to her claim on August 29, 1991.

Republic has refused to pay Corbitt Pittman's claim, however, based on their belief that he intentionally set the August 26th fire. While this claim remains to be tried to a jury, Republic has moved for partial summary judgment (its second such motion) with respect to the punitive damages portion of Corbitt Pittman's claim.

Republic's motion for partial summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he inquiry involved in a ruling on a motion for summary judgment ... necessarily implicates the substantive evidentiary standard

of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Accordingly, "[t]he question here is whether a jury could reasonably find *either* that the plaintiff proved his case by the quality and quantity of evidence required by the governing law *or* that he did not." *Id.*, 477 U.S. at 254, 106 S.Ct. at 2513.

In order to establish his entitlement to punitive damages in this case, Corbitt Pittman ("Pittman") must prove by clear and convincing evidence that Republic's refusal to pay his claim under the policy was done in bad faith. *Westers v. Auto–Owners Ins. Co.*, 711 F.Supp. 946 (S.D.Ind. 1989); *Vernon Fire & Casualty Ins. Co. v. Sharp*, 264 Ind. 599, 349 N.E.2d 173 (1976). This burden of proof is reflective of the fact that under Indiana law, insurance companies enjoy a "right to disagree" about the amount of proceeds owed to their insureds. "Insofar as [insurers'] conduct is ascribable to their good faith efforts to pay the legal proceeds, their conduct is privileged." *Vernon*, 349 N.E.2d at 181. Punitive damages will only be allowed if the insurance company's conduct was tortious or so wrongful as to be essentially tortious even though not fitting the precise elements of a predefined tort, and only if the deterrent effect of such an award would show it to be in the public interest. *Westers*, 711 F.Supp. at 948.

"Circumstantial evidence is sufficient to establish proof of arson." *Hoosier Ins. Co. v. Mangino*, 419 N.E.2d 978, 986 (Ind.App.1981). In this case, Republic relied on several sources in denying Pittman's claim. In support of its motion, Republic submitted the affidavit of Edward C. Moore, Jr., arson investigator for the Wayne Township Fire Department. Moore investigated the fire scene, interviewed other firemen, and concluded, after ruling out possible accidental causes, that the fire in question was incendiary. Moore also removed samples from the plaintiffs' home which revealed the presence of turpentine. In addition, Republic hired arson investigator Bruce C. Potts (whose affidavit was also submitted with the defendant's motion) to determine the cause and origin of the fire at the plaintiffs' residence. Potts interviewed Corbitt Pittman, did an on-the-scene investigation, and had testing done by Dunn Laboratories, Inc., on some carpet samples. Like Moore, Potts ruled out accidental causes and determined that the fire was incendiary in nature.

Moreover, it is undisputed that Pittman was home alone immediately prior to the fire, and that it was he who discovered the fire and called the fire department. Republic also emphasizes the discrepancy between Pittman's recollection that it took the fire department twenty to thirty minutes to respond and Moore's testimony that the Wayne Township Fire Department responded within three minutes of having received the call.

In their Brief in Opposition to Defendant's Second Motion for Partial Summary Judgment ("Response Brief"), Pittman does not contest any of the factual representations made by the defendant, nor does he attack the procedures or qualifications of Moore and Potts. Instead, Pittman has produced the affidavit of Patrick Murphy, a fire investigator hired by Pittman who concluded that the fire started as a result of an electric fault in a television cord. Pittman also notes that Republic was not interested in the results of a lie detector test which he took and which indicated that Pittman was being truthful when he denied involvement in the origin of the fire. Pittman contends that the financial information which Republic obtained about him did not reveal any financial difficulties, and that Republic was aware that he lost family pets and photos in the fire, which would be uncharacteristic of an incendiary fire. Lastly, Pittman refers to a March 29, 1989 letter from Republic which Pittman characterized as containing statements that were "false and defamatory [despite the *PERSONAL AND CONFIDENTIAL* legend at the top of the letter] and were made in bad faith." Response Brief, p. 5. Actually, two letters from Republic and dated March 29, 1989 were attached to Pittman's affida-

vit, one being addressed to Lettie and the other to Corbitt.

The fact that Pittman's fire investigator reached an opinion which differed from the conclusions of Republic's investigators does not establish that Republic acted in bad faith in refusing Pittman's claim. It merely establishes that there is a factual question about the origin of this fire which must be resolved by a jury.

As for the lie detector test which Pittman claims Republic should have relied upon, it seems rather hypocritical to fault Republic for not relying on evidence which is still viewed with skepticism in federal courts.

> In this circuit, the admissibility of polygraph evidence is left to the discretion of the district judge.... District judges generally exercise their discretion in this area in favor of excluding polygraph evidence, because doubts about the probative value and reliability of this evidence are usually found to outweigh the risk of prejudice.

*United States v. Dietrich*, 854 F.2d 1056, 1059 (7th Cir.1988) (citation omitted). Putting aside the issue of the reliability of the test taken by Pittman, the fact that Republic declined to rely on this test does not establish its bad faith. According to the statement of facts in Pittman's Response Brief, page 2, the defendant indicated that it was not interested in the results of a lie detector test even before Pittman took one. Pittman's positive test results thus came after Republic's expressed disinterest. Even if Republic had used those test results but nonetheless denied Pittman's claim, this does not establish bad faith on Republic's part in light of the evidence Republic had to contradict the test results.

Pittman further claims that Republic acted maliciously and oppressively in maintaining that he set the fire despite the fact that family pets and photos were lost in the fire, and that Republic knew his financial condition was not poor. Presumably, these facts are adduced to show a lack of motive or intent on Pittman's part, although he offers neither expert opinion nor case law to demonstrate why these circumstances are significant. *See* Response Brief, p. 4.

Assuming, as the jury well might, that an arsonist would be inclined to remove precious objects from a home before setting a fire, nonetheless, a failure to do so does not in and of itself exculpate a suspected arsonist. Likewise, Pittman has not suggested that the only possible motive for arson is a financial one. In addition, the failure to prove that a given person was the arsonist does not defeat the defense of arson. *Mangino*, 419 N.E.2d at 986.

Moreover, the court also notes that Republic did have some circumstantial evidence to connect Pittman with the origin of the fire. The undisputed facts in this case suggest that Pittman was alone in the house immediately before the fire, which would suggest that he had the opportunity to set the fire. While the fact that pets and pictures were lost in the fire might be persuasive to a jury, it does not make unreasonable Republic's conclusion that the fire was incendiary or its determination that Pittman was responsible, especially in light of evidence that he spent time alone at the scene of the fire.

As for the March 29, 1989 letters, despite Pittman's characterization of them as accusatory, false, and threatening, Pittman does not cite any specific language in the letter in support of his assertions. *See* Response Brief, pp. 4–5. Indeed, the letter sent to Lettie Pittman expresses Republic's decision to compensate her for the losses that she suffered. As for the letter sent to Corbitt Pittman, a reasonable jury would have to conclude, keeping in mind the clear and convincing evidentiary standard, that language such as the following, especially in the context of correspondence marked by Republic as personal and confidential, was so threatening, false, and/or accusatory as to denote bad faith:

> We regret the necessity to advise you that we believe the circumstantial evidence establishes that you had direct knowledge and involvement in causing that particular fire; therefore, there is no coverage under your policy for your loss resulting from that fire.

The court finds nothing in the letter to Corbitt Pittman which a reasonable jury

could consider evidence of bad faith or malicious conduct on the part of Republic. More to the point, Pittman's assertion that the letter is malicious and threatening, made without pointing to any specific portion of the letter, does not in itself establish bad faith on Republic's part, and especially not by a clear and convincing evidence standard.[1]

Even weighing together all the arguments that Pittman makes, inasmuch as they do not undermine the quality or the quantity of evidence upon which Republic relied, Pittman still has failed to establish that genuine issues of fact exist as to whether Republic acted maliciously or oppressively in refusing to honor his claim. This is particularly true when the clear and convincing evidentiary standard is factored into the court's analysis.

In support of his claim for punitive damages, Pittman relies on a couple of appellate court decisions where such damage awards were upheld, but those cases are distinguishable on their facts. In *Hamed v. Gen. Accident Ins. Co.*, 842 F.2d 170 (7th Cir.1988), the Seventh Circuit upheld a punitive damages award, relying in large part on the insurance company's delay in processing the claim and raising the issue of arson. The court noted:

> Here, [the insurance company] not only caused a significant delay in processing [the insured's] claim but, by not denying the claim until almost one year after it was filed and then only after this suit was filed, led [the insured] to believe that the only problem with its claim was the extent of loss suffered.

*Hamed*, 842 F.2d at 174.

By contrast, Corbitt Pittman makes no allegation that Republic was unnecessarily slow in processing his claim or informing him of the suspected arson, or that his interests were prejudiced by the way in which Republic treated his claim.

Likewise, *Riverside Insurance Co. v. Pedigo*, 430 N.E.2d 796 (Ind.App.1982), also relied upon by Pittman, is distinguishable on its facts. In *Riverside*, the Fourth District Court of Appeals reached the following conclusion upon review of a punitive damage award:

> From the evidence before it …, the jury could reasonably have concluded that although Riverside [the insurer] secured an opinion at the outset [sic] the fire was caused by arson, and accordingly decided to deny the Pedigos' [the insureds'] claim, it intentionally misrepresented its position to the Pedigos without presenting any evidence at trial which would excuse its misrepresentation and withholding of information.… As a result of the misrepresentation, the Pedigos experienced not only a substantial delay in having their claim honored by Riverside, but also suffered the inconvenience occasioned by unnecessary litigation and their own futile efforts … to comply with Riverside's demands.… Riverside's conduct of concealment and delay arguably prejudiced their ability to prove their innocence. Accordingly, it is evident Riverside's actions … are clearly outside the "right to disagree" rule found in *Vernon* … and *Mangino*.…

Unlike the fact scenario in *Riverside*, Pittman has advanced no evidence or argument that Republic engaged in a course of concealment or delay in processing Pittman's claim.

In this case, Pittman has failed to establish, and particularly by clear and convincing evidence, that there was anything untoward in the manner in which Republic investigated his claim. Neither has Pittman argued that there is such a disparity in the quantity or quality of evidence on the subject of arson that Republic's decision must have been made in bad faith. What Pittman has done is offer evidence to suggest that the fire was not incendiary in nature, thus creating a factual dispute

1. Federal Rule of Civil Procedure 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial.

about the fire's cause and origin. Since Republic's motion is directed to the issue of punitive damages rather than arson, and since Pittman has failed to create a factual issue about Republic's alleged bad faith, the defendant's (second) motion for partial summary judgment is granted.

It is so ORDERED.